Case number 13-7095, Patrick Russell on behalf of himself and all other similarly situated appellate v. Harman, Inc. Mr. McKenna for the appellate, Ms. Piekowski for the appellate. Good morning, Ms. McKenna. Good morning, Your Honors. May it please the Court. My name is Thomas J. McKenna. I represent Patrick Russell and the other members of the Harman 401k retirement plan who owned Harman Company stock. We're here today because we believe the district judge committed reversible error when without notice he converted a motion to dismiss, which had been pending for almost five years, into a summary judgment motion. Without notice, can you clarify that? I mean, as you just mentioned, you had a long period of time and the filing that you could have responded to had evidence attached to it. Why didn't that put you on notice that maybe you ought to respond with an affidavit? Yes, Your Honor. We objected to that submission in our motion to dismiss, and the cases where plaintiffs are considered to have notices are cases where the motion was labeled a motion for summary judgment, or in the alternative, or where they themselves put in affidavits. It was our position that affidavits... When the Court ordered supplemental briefing on this issue, that wasn't sufficient notice that you should have done something? No, it wasn't, Your Honor. He asked for legal memorandum, and in fact, the defendants themselves were just as surprised as we were because they criticized us in their sole reply on the question of when did the claim arise by saying we made two arguments that, quote, both are outside the scope of the Court's order asking the parties to brief the question of when plaintiff's claim arose. They, like us, believed that after five years having awoken to this case languishing with 33 supplemental submissions, not one of which spoke to the issue of this so-called release of this letter agreement, 33 submissions, he wanted briefing on a legal issue. So that's what we gave him. But the legal issue was the document that had been attached to the motion to dismiss. So wasn't the judge signaling to you that given the defendant's argument that he might grant the motion to dismiss if he found that the claims arose at a particular time? If he made a legal decision, I would not be here complaining, Your Honor, or I'd be arguing that he got the question of when the claim arose wrong, which he did, by the way. But I'm here because he, in his brain, turned it into a motion for summary judgment, weighed up the evidence, found that it was knowing and willful and voluntary. The document itself is about employment. If I had a chance to put in evidence, I would have put in evidence that there was no dispute in June of 2007 between Mr. Russell and the fiduciaries of the 401K plan. Did you ever tell the district court this? I never laid eyes on the judge, Your Honor. We never appeared before him. No, I mean in a filing. In the motion to dismiss, in the opposition, the original opposition, we protested. We objected to the document. We pointed out that the document itself, on its face, doesn't even mention fiduciaries, doesn't release fiduciaries. It only mentions Harmon. We pointed out that it was a fact issue and that he should not deal with this on a motion to dismiss. So we did point out those things. So is your position that, under the rule, the district court must expressly inform the parties that it is considering treating a motion to dismiss as a motion for summary judgment? Your Honor, does he have to do it expressly? Yes. I don't know if he does, Your Honor, but he couldn't have filed this one up worse if he tried. Well, the circuits have sort of different approaches to this, do they not? They do. And what do you think the law in this circuit is? I think the law in this circuit is we're supposed to do justice. And if we're going to get down to facts, I should have had a chance to put forth my facts, especially when I was not explicitly on notice and I objected to the document. Now, I'm still puzzled. You argued that the district court should use trucking employers as the standard, right, that this really wasn't so much a contractual inquiry, not so much a legal inquiry, as what were the facts and circumstances regarding this waiver, the trucking employers. You argued that. Now, in arguing that, why weren't you thinking that I've got to put some facts in the record about I've got to present some evidence about what the circumstances were surrounding the alleged waiver? Because they made a motion to dismiss, and I was confident that if my complaint was fairly read with all references in my favor, I would defeat the motion to dismiss. I was not interested in volunteering to go on into summary judgment. They did not tell me it was summary judgment. I objected to the document. The document on its face doesn't even mention the fiduciaries that I sued. It says it's only as to employment. I said to the judge, you shouldn't be looking at this, Your Honor. This is a question of fact. It's not appropriate on a motion to dismiss. I got no response for five years. I was asked to brief the legal issue of when the claim arose. I did that. He got that wrong as well. Because how could a release, even if this is valid, dated in June, how could that release misrepresentations and breach of fiduciary duty that happened in August, September, October, November, December, January? Well, the judge said the plain language of the agreement was a waiver as to all known and unknown claims. Exactly. And that's homebook law. Here's June. Everything known or unknown from the beginning of time to June is released. My man continued to remain in the plan for 15 months. He wasn't an employee. He was a plan participant. He was owed a fiduciary duty. So let me just be clear. From the district court's perspective then, your complaint put the district court on notice that, in your view, there were material issues of disputed fact regarding the meaning of your agreement? I did not plead the agreement. They brought it in outside. Exactly. Right. So they put it in. And when is the judge alerted after the judge asked for briefing on the legal issue as to when your claims arose? When did the judge know that you had material issues to raise for which evidence needed to be produced? In our opposition to the motion to dismiss, we informed him that it was fact-specific. We pointed out factual issues that existed. And we did it again in our supplemental brief on the legal issue of when the claim arose. Our complaint has allegations of misrepresentations and breach of fiduciary that happened after June. So when the judge asked for supplemental briefing on the legal issue, you indicated to him that there were other issues that needed to be addressed that required additional evidence? I believe on the supplemental brief, we just tried to answer his question as, legally, when did the claim arise? And we told him, in ERISA, it's when you have actual knowledge of the breach. And he didn't have actual knowledge until June. And that was pled in our complaint. So how can you be releasing a claim that hasn't yet arisen? Here's the so-called release. Maybe if they lied to him in April, that's released. But if they lied to him in August, September, October, November, December, January, and in January, he finds out that he's been lied to, these are all claims that are valid. And yet he dismissed them all. And he dismissed them against fiduciaries who were not even mentioned in the supposedly clear and unambiguous document. So in the filings before us now, what is your strongest authority for the proposition that there was a material issue of disputed fact in addition to a legal error? My complaint. My complaint has allegations of wrongdoing that arises after June. And it's Hornbook law that you cannot release future unknown claims. You can release unknown existing claims. Well, what's your best authority for that? There's a case in the circuit. A district judge named Herbert said it was Hornbook law, Herbert case, 839 Federal sub 2nd 284. Hornbook law that you cannot release future unknown claims. What did he cite? That case, he didn't cite anything because it's so presumably obvious. Well, you and I have a disagreement, you know, and I'm suing you. And you say, look, I'm willing to pay you X number of dollars provided you weighed anything that might come up among us, whether you know about it now or not. Correct. And let's assume that was the car accident case. If you crashed into me on the first day, whether I know my leg is injured or not, I'm done. But if you crash into me on the fifth day, I have a new cause of action. And that release does not govern. And this release does not govern everything after June. And it doesn't cover the fiduciaries. This judge got it wrong. So you're saying that Judge Erd is a matter of law? Law and procedure. Both, Judge. And if he gave me a chance, if he'd said what was on his mind, that he was going to try the whole issue of releasing this head, I would have brought in evidence to show there was no dispute with the fiduciaries, the release didn't contemplate the fiduciaries, and that there was wrongdoing after the release. What I'm trying to get at is I read our precedent to say that it's an abuse of discretion for the district court not to make it clear that he's going to or she's going to treat a motion to dismiss as a motion for summary judgment. But we apply, under Rule 56, the harmless error standard of review. So at this point... How is it not harmless error that the document that he... No, you have to show it's harmful error. Harmful. The document that he relied upon concerns employment, not the 401k plan. The document he relied upon does not mention one single fiduciary. That's all I sued was the fiduciaries. It is harmful. My case is gone because he got errors of law and procedure. I'd like to reserve any other time I might have, Your Honor. All right. You're out of time, but we'll give you a minute. Ms. Kokowski? Good morning. Good morning, Your Honor. May it please the Court, Sarah Kokowski on behalf of the appellees. I'd like to start by addressing a number of the points that the appellant was raising and correcting some of them as well. And I'm just going to sort of take them in the order that I got them. The appellant said something about what we had believed based on our supplemental briefing. I'm not sure what he was talking about. I think it's clear from Judge Roberts' January 2013 order that he was going to look at the release, interpret the release, and apply the release. Even if there weren't notice, as Judge Griffith's question perhaps suggested, by the fact that we had submitted the release and other documents on our motion to dismiss under the law of the circuit, that constitutes. You used the word clear. That's a bit of an overstatement, isn't it, that it's clear here that they were on notice? I don't think it's an overstatement, quite frankly, Your Honor. Well, I mean, in your favor, you were dealing with an abusive discretion standard, right? But I don't think it's overstating it to say that it's clear. I mean, what the district court judge did wasn't crystal clear in any sense, was it? Well, it may not be. Let's start at the base. He didn't say, I'm now going to treat this as a motion for summary judgment. That's correct. He did not say that he's now going to treat it as a motion for summary judgment. And counsel for Russell has pointed out that he objected to the very filing of the attachment, right? I mean, so from his vantage point, he has said, let's not go down this road of discovery, right? Let's just do it on the pleas. Now, what in your mind did the district court do to signal that that's not how the court was going to proceed? I think he did two things. I think, first of all, as you pointed out, Your Honor, Plaintiff Russell's counsel did point out in his opposition to the motion to dismiss that he believed that there were issues of fact. He did not identify what the questions of fact were, but he did identify that there were questions of fact that shouldn't be determined on a motion to dismiss. By issuing the order that he did, I think Judge Roberts was on notice that plaintiff had that belief and implicitly rejected plaintiff's belief. But more than that, Your Honor, what Judge Roberts asked the parties to do in his January 2013 order was to brief the meaning of a term that was used in the release. I can't think of any other possible reason that Judge Roberts would have asked for that briefing if he wasn't going to take that release as a piece of evidence, so to speak, to be used on summary judgment. So is your position then that even though the opposition referred to issues of fact, they were just general statements, not specifically putting the judge on notice that discovery was needed? Correct, Your Honor. There were no specific facts tied to any test of law that were noted in the brief. Let's put this in context. A complaint is filed. A motion to dismiss is filed. Nothing happens for four years. And hypothetically, the district court, clearing his motions, backlog, starts issuing orders and says, I need some briefing on this point and gets it and then issues a judgment or grants the motion to dismiss. What can the plaintiff next do other than appeal? I think the judge is well within his rights to grant the motion to dismiss. If the judge is converting to summary judgment with no notice... But here's what I'm getting at. As I understand, part of the argument is that there are questions as to whether this agreement was freely and voluntarily entered into. There are questions as to whether the agreement covers the relevant subject matter of the complaint. And in opposing a motion to dismiss where the motion to dismiss is based on a legal argument that all claims have been waived, the burden is on the opposing party to brief what I'll call the summary judgment issues? I'm not sure that's exactly what happened here. There are no summary judgment issues. No, no, no. But the point is the judge granted summary judgment. Yes. So you have to anticipate that. And in your opposition to the motion to dismiss, brief the summary judgment issues. Right. However, I think... In other words, any motion to dismiss should be treated as, alternatively, a motion for summary judgment? Well, I think what the law of this circuit suggests is that if there are documents that are attached that the plaintiff is, in this case the plaintiff because it's below, is on notice, that this could be treated as summary judgment. And at that point... You think that's the way our cases that say the judge abused his discretion in not giving notice? That's how you read that finding of abusive discretion? I read the finding of abusive discretion as when there is no notice that there's going to be a conversion, but there is no prejudice that this court in Colbert and Holy Land Foundation and in Hollis came out saying, look, there may have been an abusive discretion, which, quite frankly, I don't believe occurred here. But even if there was an abusive discretion in not providing notice, there has to be prejudice. And plaintiff-appellant has not shown any prejudice because, as this court has found and as Judge Roberts found, whether or not how to interpret the contract is a question of law. There have been no ambiguities raised. There have been no assertions, and Judge Roberts is clear about this in his opinion, of frogged arrest or mistake. Well, if we thought that Judge Roberts didn't apply the correct standard, that he didn't use trucking employers, that would change things, wouldn't it? If Judge Roberts didn't properly use trucking employers and the case law that talks about how you interpret a contract, then, yes, that might change things. But that's not the case here. There's no parole. Let me back up to something. You said when the district court asked for a briefing on the release, you thought that was significant, that it was putting the parties on notice that he was moving the subject. Why? Why couldn't he have just been asking for the legal question of the effect of a release and its possible scope? Why is raising the release putting the parties on notice that he was shifting to summary judgment for a motion to dismiss? Because if he wasn't going to consider the release, which would effectively transfer it to – convert it to summary – Well, all he wants to know is the scope of a possible release and what legal effect it would have. But my position is that I can't think of a reason why he would want to know the scope of the release if he weren't at least considering seriously applying the release and thereby converting to summary judgment. But I want to also discuss a couple of the other points that Appellant made because I think they're a little bit misleading in terms of how I understand the record before this court. First of all, the question of when the claim arose and how Judge Roberts interpreted that part of the waiver, that issue isn't before this court. Appellant did not include that issue at all in either his opening brief, and therefore its waive, and certainly didn't address it in his reply brief. The issue that he raised also with you about whether or not – Let me just be clear, though. The issue he does raise before this court is whether the judge erred as a matter of law in not giving him the notice that the rule requires be given when converting a motion to dismiss to summary judgment. And as I read it, he's trying to explain why it was important for that notice to be given. Well, he may be trying to do that now, Your Honor, but in his brief, his complete argument is that it's an error not to give notice. That's his first point. And as we know, it may or may not – this court may or may – sorry – Judge Roberts may or may not have given notice. We differ on that position, Appellant and I. But that no matter what, regardless of whether he gave notice and whether or not there was an abuse of discretion, there is no prejudice with respect to whether or not the waiver was knowing and voluntary. And that's the issue – And that's because the plaintiff on appeal had to proffer the evidence he would have offered in order to show prejudice had he been allowed an opportunity in the district court to present evidence or seek discovery. Yes, I believe that's correct, Your Honor. And I think that's clear. I know the circumstances came out differently. But in the Convertino case, for instance, it was very clear, and I know both you, Judge Rogers, and you, Judge Henderson, were on that panel, and it was a fairly recent case. But in that case, the appellant was able to show that he could have provided additional evidence through the Rule 56F, now 56D process, that would have possibly changed the outcome. There is no indication anywhere in Appellant's opening brief, much less its reply brief, about what this evidence would have been, other than a laundry list of 23 bullet points, 95 percent of which were in plaintiff's own or appellant's own possession. And had he thought these were important to the issue of the release after four and a half years, there's no reason he couldn't have, A, applied for discovery under Rule 56D, which would have required an affidavit stating what facts he hoped to gather and how those facts would have changed the outcome. His reply brief doesn't even explain how the facts that he thinks he could have gathered would have changed the outcome. Therefore, no prejudice. The other issue that I wanted to discuss, however, was the issue of whether the fiduciaries are released. This issue wasn't even in the district court, much less before this panel. The only mention of this that I can find in Appellant's opposition to the motion to dismiss is a single sentence that says, alternatively, assuming arguendo the court were to enforce the release here, this provision would only limit plaintiff's ability to initiate a suit against one of the defendants, the company itself. I quite frankly don't know how that's tied to the argument that Appellant's counsel made just now about fiduciaries. But even if it were to... But let me ask you, in his complaint, he identifies who the parties are. Correct. All right? And isn't that sentence enough? No, because the release covers officers, directors, employees, et cetera. That's the typical release. That release has been considered by various courts, including the Sixth Circuit and Sam's v. Quantics. It's similar language, I believe, in Howell v. Motorola. Both ERISA cases, both against fiduciaries, neither of which includes this specificity of saying somebody acting in their fiduciary capacity. A fiduciary is still an employee, an officer, or a director, all of whom are released. And the release is clear on its face that it includes ERISA claims, all of which are typically brought either against a plan or against a fiduciary of a plan. So that issue, as I said, A, hasn't been briefed at all, and B, wouldn't make any difference to the outcome, because there's no basis to argue that the fiduciaries are somehow different, even though they may be acting in a different role. They're no different than the officer or employer or director who embodies that role at whatever time we're talking about. All right. Your time is up. If there are no more questions? Okay. Thank you. Thank you. Does Mr. McKenna have any time? One minute. Okay. Thank you, Your Honors. Very briefly, that's the first time the defendants have addressed head on the problem with their so-called release, that it does not mention the fiduciaries. When we sued them in their motion to dismiss, they said, you can't sue me as a fiduciary because I was acting as a corporate officer. There's a case, Pegram, the year 2000 from the Supreme Court, that says, okay, it's fair enough. If you work for the company and you're an officer and you're also going to be involved with the 401K plan, you have two hats. When you act as an officer, you put your officer hat on, and when you're going to go deal with the 401K plan, you have to take that hat off. If we disagreed with you on abuse of discretion but agreed with you that the district court didn't use the proper standard for summary judgment, that the district court should have looked at trucking employers, which requires a more fact-based analysis, don't you get everything you want right now? Yes, Your Honor. If you give me that, I get it. Yes. Anyway, Pegram gives the lie. I'm surprised you haven't spent more time arguing about the correct standard. Okay, Judge. All right.